IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 9, 2020 Session

## ABU-ALI ABDUR'RAHMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
No. 87-W-417        Monte Watkins, Judge

_____

## No. M2019-01708-CCA-R3-PD

_____

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I respectfully dissent from the majority's opinion insofar as it holds that the post-conviction trial court *must* first determine that a petitioner is entitled to post-conviction relief before a District Attorney General is allowed to negotiate a settlement of criminal convictions and/or sentences which are the subject of a post-conviction proceeding. The majority opinion prohibits the 31 District Attorneys General in Tennessee from evaluating a petition for post-conviction relief, determining that it has some merit, and concluding that it is appropriate to concede a petitioner is entitled to post-conviction relief. In so doing, the majority opinion prevents the State's statutorily designated attorney from negotiating the most favorable settlement of the challenged underlying charges *before* a post-conviction trial court grants full post-conviction relief. If a District Attorney General must wait until the post-conviction trial court rules that post-conviction relief must be granted, the District Attorney General, as in the case *sub judice*, might very well have a difficult task to locate witnesses and/or physical evidence to present in a new trial. Consequently the State would be required to negotiate from a position of weakness as a result of mandating that the court first grant post-conviction relief prior to the State negotiating a new settlement of the challenged offenses. As a result, the majority opinion undermines the authority of each District Attorney General in this state.

I do concur in the majority opinion's conclusion that this case should be remanded. However, I feel it should be remanded solely for entry of proper stipulations, orders, and judgments to reflect what I believe is the crystal clear intent of the State, Petitioner, and the post-conviction court in the proceedings leading to this appeal. Generally, but without being a mandated and binding procedure, I envision that appropriate procedures could generally follow this outline:

(1)     The State, represented by the duly-elected District Attorney General of the 20th Judicial District, in his opinion and within his constitutional and statutory authority, concludes in a stipulation that Petitioner is entitled to post-conviction relief from his convictions and resulting sentences;

(2)     The post-conviction court approves the State's stipulation and grants Petitioner's request for post-conviction relief and sets aside Petitioner's convictions and sentences;

(3)     The State and Petitioner immediately announce a settlement of the renewed pending charges.  Pursuant to settlement, Petitioner pleads guilty as charged to all pending charges, and receives sentences of life imprisonment for each conviction.  The post-conviction court, then sitting as a trial court presiding over disposition of pending charges, would accept the settlement.  Immediately thereafter, an agreed order granting post-conviction relief based upon the State's stipulation could be entered, followed by entry of judgments of convictions and sentences pursuant to the court accepted negotiated plea agreements.  This would procedurally "cross each t" and "dot each i."

I agree with the majority's holding that the post-conviction court properly granted Petitioner's motion to reopen his first post-conviction petition.  Pursuant to Tennessee Code Annotated section 40-30-117(b), once a motion to reopen has been granted, "the procedure, relief, and appellate provisions of [Tennessee Code Annotated sections 40-30-101 through 40-30-122] *shall* apply."  Tenn. Code Ann. § 40-30-117(b) (emphasis added).  Included within the procedures and relief set forth above are those found in Tennessee Code Annotated section 40-30-108.  Subsection (a) thereof requires the District Attorney General to represent the State in the post-conviction proceeding at the trial court level and to file "an answer or other responsive pleading" to the post-conviction proceeding.  Subsection (c) thereof permits the District Attorney General, by way of a motion to summarily dismiss the post-conviction petition, to assert certain defenses to the petition.  Importantly, subsection (d) states that the District Attorney General *shall* respond to each allegation in the petition.  Not surprisingly, the General Assembly did not prohibit the District Attorney General from responding that one or more allegations of entitlement to post-conviction relief is (are) admitted.  In other words, the General Assembly implicitly approved each District Attorney General's authority and responsibility to seek, acknowledge, and enforce truth and justice in post-conviction proceedings.

With all due respect to my esteemed colleagues who wrote and joined the opinion in *Harold Wayne Nichols v. State*, No. E2018-00626-CCA-R3-PD, 2019 WL 5079357 (Tenn. Crim. App. Oct. 10, 2019) *perm. app. denied* (Tenn. Jan. 15, 2020) and the majority opinion in the case *sub judice*, I conclude that those opinions erroneously

conclude that a trial court's acceptance of the State's admission that the petitioner is entitled to post-conviction relief removes the jurisdiction of the post-conviction court unless the post-conviction court conclusively and independently of the State finds grounds to grant relief. Logically, this would require a full evidentiary hearing without regard to stipulations of evidence submitted by the parties. It also, in my opinion, effectively amends the statutory procedures pertaining to post-conviction relief, which allow, as set forth above, the State to include in its response to a post-conviction petition that the petitioner is entitled to post-conviction relief on one or more grounds.

I do not dispute at all the right of a post-conviction court to decline to accept a proposed settlement between the State and the petitioner to grant post-conviction relief. However, to conclude that when a post-conviction trial court does, after due consideration, accept the State's concession and grants post-conviction relief, that the post-conviction court loses its jurisdiction to make such a determination is a dangerous precedent.

For these reasons, I dissent in part. I concur in part to the extent the matter should be remanded to the post-conviction court, but solely for the purposes of giving the State, Peititoner, and the post-conviction court the opportunity to proceed to the same effective result as before, but following appropriate procedural steps.

_____
THOMAS T. WOODALL, JUDGE